## MOSS v. JAMES.

No. 11142—Opinion Filed Dec. 26, 1923.

**1. Pleading — Construction — Formal Title Immaterial.**

In determining the sufficiency of a pleading this court will disregard the mere formal title attached to it, and will consider only the language used in the body of the pleading in order to reach a conclusion as to its legal effects. There is no variance between the allegations and the proof in this case.

**2. Appeal and Error—Questions of Fact—Verdict.**

In a jury case where the evidence for plaintiff and defendant is without substantial conflict the only contention being as to the ultimate fact established by such evidence, the verdict of the jury determining this ultimate fact, if not contrary to the evidence, is conclusive in this court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Sequoyah County; J. H. Jarman, Judge.

Action by T. O. James, against W. T. Moss, to recover the proceeds of a certain crop of cotton. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was commenced February 14, 1918, by T. O. James filing in the district court of Sequoyah county his petition against W. T. Moss wherein he alleged, in substance, that during the year 1917 he purchased the interest of one Levi Munsey in a certain crop of cotton which said Munsey was cultivating as a share cropper under contract with defendant, W. T. Moss; that after plaintiff purchased the half-interest of Munsey, defendant, Moss, excluded plaintiff from the control of his interest in said crop and refused to permit plaintiff to gather the same, but insisted upon gathering and marketing the same himself and agreed to account to the plaintiff for his interest in the proceeds thereof; that defendant did gather and market said crop of cotton and pay to the plaintiff the sum of $300, which defendant claimed was all that was due to plaintiff except the sum of $13.23, which plaintiff refused to accept as a final settlement from the defendant; that plaintiff's interest in said crop, after the expenses of gathering and marketing the same were paid, amounted to the sum of $600, and he sued for a balance of $300 alleged to be due him by the defendant.

Defendant answered by a general denial and further admitted the contract with Munsey and the ratification by him of the sale of Munsey's interest to plaintiff, but alleged that after the expenses of gathering and marketing said crop were paid there was due to plaintiff in addition to the $300, which plaintiff admitted receiving, only the sum of $13.23, and he tendered this amount into court and asked judgment for his costs.

Trial was had July 4, 1919, and resulted in a verdict in favor of the plaintiff for the sum of $200. After unsuccessful motion for new trial, defendant has brought the case here by petition in error with case-made attached, and assigns numerous errors as grounds for a reversal of said judgment. The parties will be hereafter referred to as plaintiff and defendant, respectively as they appeared in the trial court.

W. A. Carlile, for plaintiff in error.

L. C. McNabb, for defendant in error.

Opinion by LOGSDON, C. All of the specifications of error are presented and argued in the briefs under two propositions, stated by defendant as follows:

"First, that plaintiff wholly failed to make out a case under the testimony, and the demurrer to the evidence should have been sustained.

"Second, that plaintiff wholly failed to make out a case of unlawful conversion and for this reason the judgment should be reversed."

These two propositions will be considered in reverse order. Under the second proposition defendant insists that plaintiff's action was one for conversion of personal property, and since the testimony all showed an agreement between the parties that defendant should gather and market the cotton that therefore there is a variance between the allegations and the proof fatal to plaintiff's recovery. An examination of plaintiff's petition does not sustain the contention made by defendant under this proposition. There are no appropriate allegations nor apt language contained in plaintiff's petition to constitute it an action for the conversion of personal property. It is true that the petition alleges that "defendant has appropriated the entire interest of plaintiff and has sold a large part thereof and now has all the cotton left in the field and refuses to allow the plaintiff to gather and market the same," but in view of the other allegations contained in the petition, and the facts set forth showing the contractual relations between the parties, the petition falls far short of stating a cause of action for unlawful conversion. On the contrary, it sufficiently and clearly sets forth a cause of action for money had and received by defendant to plaintiff's use. It is immaterial what title a pleader may give to a pleading, for the determination of its legal effect must be reached from a consideration of the language used.

Defendant's first proposition presents no more difficult question to determine than does his second. This is purely a fact case. There was practically no conflict in the testimony. Plaintiff and his witnesses testified substantially to the facts set out in his petition, and defendant upon the witness stand in his own behalf raised no issue of fact upon plaintiff's testimony by a contradiction or denial thereof in any material respect, except as to the balance in dispute between the parties. Plaintiff's testimony showed that defendant paid some of the cotton pickers $1 per hundred, some $1.25 per hundred, and others $1.50 per hundred, and that $1.50 per hundred was the highest price paid by defendant to pickers. This is not denied by defendant. Defendant offered in evidence a statement which he claimed was a correct statement of the weights of the cotton gathered from the Munsey crop. This statement shows

that there were 14.236 pounds of cotton gathered from this crop; that it brought a total of $1,464.03. Taking the highest price shown by the record that pickers received for gathering this crop under defendant's own proof, the picking would amount only to $213. One-half of $1,464.08, which would be plaintiff's share of the crop, amounts to $732.01, less $213 for picking would leave $517.01 as plaintiffs net share of the proceeds under defendants own testimony, based upon the written statement and scale weights offered in evidence by him. It is admitted that plaintiff has only received $300 from defendant. The verdict of the jury was for $200 in favor of the plaintiff. With the record in this condition, it is clear that the trial court committed no error in overruling the demurrer of the defendant to plaintiff's evidence, and it is equally clear that the verdict of the jury is amply sustained by the evidence.

The judgment of the trial court should be in all things affirmed.

By the Court: It is so ordered.